# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| NANCY HART, an individual, and SCOTT HART, her husband,<br><br>Plaintiffs,<br><br>v.<br><br>DANIEL PARKER, an individual, THE ESTATE OF DANIEL PARKER deceased, DANIEL PARKER SR., MICHAEL PARKER, LINDA WOTHERS, jointly, severally and/or in the alternative,<br><br>Defendants. | C.A. No. N19C-01-087 CLS |

## ORDER

*Upon Defendant The Estate of Daniel Parker's Motion to Dismiss*
**Granted.**

Date Submitted: July 23, 2019
Date Decided: October 29, 2019

Melissa L. Rhoads, Tighe & Cottrell, PA, Wilmington, Delaware, Attorney for Plaintiffs.

Scott L. Silar, Esquire, Reger Rizzo & Darnall LLP, Wilmington, Delaware, Attorney for Estate of Daniel Parker.

**SCOTT, J.**

1

Before the Court is Defendant The Estate of Daniel Parker's ("Defendant") Motion to Dismiss. For the following reasons, Defendant's motion to dismiss is GRANTED.

## Background

Plaintiffs Nancy Hart and Scott Hart ("Plaintiffs") filed a complaint on January 10, 2019 alleging negligence against Daniel Parker and the other defendants. Plaintiffs' claims arise out of a car accident that occurred on January 13, 2017 between Daniel Parker and Nancy Hart. Plaintiffs allege Daniel Parker's actions caused injuries to Plaintiffs.

## Parties' Assertions

On May 24, 2019, Defendant filed a Motion to Dismiss. Defendant requests this Court dismiss it from the action because no estate was ever opened for Daniel Parker and thus, Plaintiffs have sued an entity that does not exist. Defendant argues that Plaintiffs cannot sue an entity which does not exist. In the alternative, Defendant argues that Plaintiffs' claims fall outside the time limitation for claims brought against an estate pursuant to 12 *Del. C.* § 2102. Finally, Defendant argues that even if an estate were to be opened for Daniel Parker now, Plaintiffs claims would be time-barred by 10 *Del C.* § 8119.

On June 26, 2019, Plaintiffs filed their Response to Defendant's Motion to Dismiss. Plaintiffs argue that Defendant's insurance carrier failed to notify Plaintiffs

2

of the applicable statute of limitations, as required by 18 *Del. C.* § 3914. Because the insurance carrier failed to notify Plaintiffs of the applicable statute of limitations, Plaintiffs argue that the Defendant is now estopped from raising the statute of limitations as a defense. Finally, Plaintiffs argue that the actions of Defendant's insurance carrier indicated that Mr. Parker was not deceased and thus, the doctrine of equitable estoppel requires denying Defendant's motion.

On July 23, 2019, Defendant filed its Reply to Plaintiffs' Response. Defendant argues that 18 *Del. C.* § 3914 is inapplicable to Plaintiffs claims for two reasons. First, Plaintiffs filed their claim within the two-year statute of limitations. Second, the Defendant's insurance carrier is not a party to Plaintiffs' action. Defendant also argues that equitable estoppel is not proper here because nothing in the record indicates that Defendant's insurance carrier was made aware of Mr. Parker's death.

## Standard of Review

This Court's standard of review on a motion to dismiss is well-settled. The Court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the nonmoving party.[1] The motion will be denied when the plaintiff can prove any facts entitling him to relief.[2]

---

[1] *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1989).
[2] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978); *Suit v. American Sleep Medicine, Inc.*, 2011 WL 4688730, at *1 (Del. Super. Sept. 28, 2011).

## Discussion

Under 12 *Del. C.* § 2102, all claims sounding in tort against a decedent's estate, which arose before the death of the decedent, are barred against the estate unless presented in a manner consistent with 12 *Del. C.* § 2104 within eight months of the decedent's death.[3] Section 2104 provides three methods for presentation of claims against an estate. The claimant may: 1) deliver a written statement of the claim to the personal representative of the estate, if any; 2) file a statement of the claim with the Register of Wills; or 3) commence a proceeding against the personal representative in any court where the personal representative is subject to jurisdiction.[4]

Plaintiffs failed to present their claims against Defendant in a timely manner. Daniel Parker died on or about May 10, 2017.[5] Plaintiffs had eight months from that date to present their claims against Mr. Parker. Plaintiffs never delivered a written statement of the claim to the personal representative of the estate nor filed a statement of the claim with the Register of Wills. Plaintiffs brought the instant action on January 10, 2019, twenty months after Mr. Parker's death.

Plaintiffs claim that they did now know of Mr. Parker's death until the filing of the instant action because Mr. Parker's insurance company never informed

---

[3] 12 *Del. C.* § 2102(a).
[4] 12 *Del. C.* § 2104(1)–(2).
[5] Def. The Estate of Daniel Parker's Mot. to Dismiss ¶ 2, May 24, 2019.

4

Plaintiffs of Mr. Parker's death and continued to engage in settlement negotiations with Plaintiffs.[6] The eight-month time limitation set forth in § 2102 applies "whether or not the notice referred to in [12 *Del. C.* § 2104] has been given."[7] Thus, it does not matter when Plaintiffs learned of Mr. Parker's death. The language of the statute is clear and unambiguous. Plaintiffs do not have a claim against Mr. Parker's estate.[8]

Finally, the Court acknowledges that The Estate of Daniel Parker does not exist. Had Plaintiffs properly presented their claim in accordance with § 2104, Plaintiffs would have been able to seek the appointment of a personal representative of an estate for Daniel Parker.[9] As discussed above, Plaintiffs have not preserved this avenue of relief; Plaintiffs cannot ask this Court now to open an estate for Mr. Parker.

---

[6] Pls.' Resp. to Estate of Daniel Parker's Mot. to Dismiss 1–4, June 26, 2019.

[7] 12 *Del. C.* § 2102(a); *see Witco Corp. v. Beekhuis*, 822 F. Supp. 1084, 1091 (D. Del. 1993) (stating that, even if the plaintiff had argued it did not have knowledge of the decedent's death, § 2102 does not forgive a plaintiff's lack of knowledge).

[8] *See Doe v. Giddings*, 2015 WL 1566597, at *4 (Del. Super. Apr. 8, 2015) (clarifying that § 2102 terminates an estate's capacity to be sued eight months after the death of the decedent unless a claim is properly presented); *see also Estate of Tribbett ex rel. Keiffer v. Tribbett*, 2009 WL 1743722, at *2–4 (Del. Ch. June 5, 2009) (finding plaintiff's claim was not time-barred by § 2102 because plaintiff had properly preserved its right to sue the estate by presenting the claim within eight months of the death of the decedent).

[9] *See Tribbett*, 2009 WL 1743722, at *3 (stating that the claimant should have sought to open the decedent's estate once it was clear that an estate would not be opened otherwise).

## Conclusion

The Estate of Daniel Parker does not exist. Plaintiffs failed to properly present their claims against any potentially-opened Estate pursuant to 12 *Del. C.* §§ 2102, 2104. Accordingly, Defendant's Motion to Dismiss is **GRANTED.**

**IT IS SO ORDERED.**

_____
**The Honorable Calvin L. Scott, Jr.**

6